**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CLAYTON GIRARD,<br>Defendant. | Case No. 26-mj-71374 NC<br>**DETENTION ORDER**<br>Hearing: 10/27/2026 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142, the Court on October 27, 2026, held a detention or release hearing for defendant Clayton Girard. The Court concluded that the Government established a basis to detain the defendant under the Bail statute, as explained further below.

Girard was arrested after being charged by Criminal Complaint (Dkt. 1) for a felony charge of making a false statement in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). Specifically, Girard is alleged to have lied while acquiring 11 firearms in the last three years. The accused Defendant is presumed innocent of the charge and nothing in this order may be construed as evidence of his guilt. Both parties were advised of their right to appeal this decision. Girard was advised of his rights. He appeared at the detention hearing with his appointed counsel, AFPD Jessica Yu.

The parties and the Court were assisted by a pre-bail report dated October 26, 2026, prepared by Pretrial Services. Pretrial Services recommended release on a combination of conditions, including a $15,000 bond and custodian with home confinement and electronic monitoring. The defendant's mother was present and agreed to co-sign a release order and to serve as a custodian.

The parties agreed that there is no presumption of detention arising from the charge or the Defendant's prior criminal record.

Considering all the factors under the Bail Reform Act, 18 U.S.C. § 3142(g), the Court determined that the Government did not meet its burden to establish by more than a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the accused person (Girard resides and has been employed locally, has family locally, a proposed surety and custodian, and no criminal record for failures to appear); but did establish by more than clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. As to the nature and circumstances of the offense charged, it is a false statements case, but concerning 11 firearms acquired over a three year period. A search of the defendant's home recovered an arsenal of 10 firearms (the 11th was sold), guns, ammunition, extended clips and tactical vests. The government also proffered that the defendant stalked and slashed the tires of a co-worker this month and has journaled and posted about mass shootings and threats of crimes of violence. In favor of release to the community, the defendant has only an expunged juvenile conviction that is nearly a decade old, familial support, and amenability to mental health treatment. The weight of the evidence is the least significant detention or release factor in this Circuit, but here the Government proferred evidence from the residential search (the arsenal of weapons) and alleged stalking that weigh in favor of detention. In totality, the Court finds that the Government met its burden in support of detention by more than clear and convincing evidence.

The defendant Girard is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

The next Court date is November 4, 2026, 1:00 p.m. before the duty Magistrate Judge in San Jose.

Finally, the Court temporarily sealed the Government's detention memo, Dkt. 9, based on an objection by the defendant to its inclusion of information from defendant's juvenile file in New York. The parties must confer further and file an update on sealing issues by October 30, 2026.

IT IS SO ORDERED.

Date: October 27, 2026

Nathanael M. Cousins
Chief United States Magistrate Judge